IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER NELSON LUTZ, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-1510
:
v. : (Judge McClure)
:
DAVID A. VARANO, :
:
    Respondent :

## MEMORANDUM & ORDER

November 9, 2009

Petitioner Lester Nelson Lutz, an inmate confined at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. Lutz seeks to challenge his 1995 conviction in the Lackawanna County Court of Common Pleas in Scranton, Pennsylvania. (*See* Rec. Doc. No. 1.)

On September 3, 2009, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Lutz that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

(Rec. Doc. No. 6.) On October 14, 2009, Lutz filed a notice of election requesting that the Court rule on the petition as filed. (Rec. Doc. No. 9.)

On October 20, 2009, an Order issued directing Respondent to file a response to the petition solely addressing the issue of whether the petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (Rec. Doc. No. 10.) The Order further provided that Petitioner will have an opportunity to reply to Respondent's submission in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005), and that Respondent would not be required to address the merits of the petition until the statute of limitations issue is resolved. (*Id.*)

Presently pending are Petitioner's motions for "pre-discovery" (Rec. Doc. No. 12) and for an extension of time to file a reply (Rec. Doc. No. 13). Petitioner also includes a request for the appointment of counsel in both motions. Also pending is Respondent's motion to amend/correct the response (Rec. Doc. No. 15). The Court will address each of these motions in turn.

## I. PETITIONER'S MOTION FOR "PRE-DISCOVERY"

Petitioner requests "pre-discovery" to enable him to competently prepare to reply to Respondent's arguments on the timeliness of the instant petition. (Rec. Doc. No. 12 at 1.) He asserts that this Court has "set the stage" for Respondent to file a motion for summary judgment by directing Respondent to limit the response solely to

the issue of the timeliness of the petition.  (*See id.* at 3.)  Even though he recognizes that the petition's timeliness is the sole issue before the Court at this stage, he submits that he should be permitted to conduct "pre-discovery" in order to establish a factual basis for his claims.  (*See id.*)  He states that,"to competently present his case," he requires sentencing transcripts and documents relating to his guilty plea, his counsel's post-sentence actions, his illiteracy, and to the inapplicability of the statute of limitations to his case.  (*See id.* at 2-3.)

Requests for discovery in the context of a habeas corpus action are governed by Rule 6 of the Rules Governing Section 2254 Cases ("Habeas Corpus Rules").  According to Rule 6(a), a party is not automatically entitled to discovery; rather a judge may grant discovery only upon a showing of good cause.  Rule 6(a), Habeas Corpus Rules.  In *Harris v. Nelson*, 394 U.S. 286, 300 (1969), the Court stated that, "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300.  Rule 6 of the Habeas Corpus Rules is meant to be "consistent" with *Harris*. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citing Advisory Committee's Note on Habeas Corpus Rule 6, 28 U.S.C., p. 479.).

3

To the extent that Lutz seeks discovery in order to provide a reply as to the merits of the petition itself, his request is premature in that this Court has only requested that the parties address the statute of limitations issue at this stage. (*See* Rec. Doc. No. 10.)  To the extent Lutz seeks discovery to address the statute of limitations issue, he has only alleged generally that the statute of limitations does not apply to his case because of a "miscarriage of justice." (*See* Rec. Doc. No. 12 at 3 ¶ (e).).  Lutz has not made any "specific allegations" that would provide the Court with reason to believe that the discovery he seeks is necessary to demonstrate that his petition is timely or that either the statutory or equitable tolling exceptions apply. *See Harris*, 394 U.S. at 300.  Therefore, the portion of Lutz's motion seeking "pre-discovery" will be denied without prejudice to his right to renew it following this Court's determination on the statute of limitations issue.

## II. PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL

Although Lutz has not filed a motion for appointment of counsel, in his motion for an extension of time, Lutz requests that counsel be appointed to address "a miscarriage of justice" that has occurred "due to the innocence of the petitioner." (*See* Rec. Doc. No. 11 ¶ 4.)  In his motion for "pre-discovery," Lutz also states that, while he is not making a formal motion for appointment of counsel, he requests that counsel be appointed to conduct discovery because an attorney may have easier access to

4

materials than Lutz. (Rec. Doc. No. 12 at 4.) Because Lutz has made this preliminary informal request for counsel primarily for the purpose of conducting discovery, and his motion for "pre-discovery" will be denied, his request for counsel will be denied without prejudice to his right to renew it following this Court's determination on the statute of limitations issue.

## III. PETITIONER'S MOTION FOR AN EXTENSION OF TIME

Petitioner requests an extension of sixty (60) days to file his reply to the response filed by Respondent to this Court's October 20, 2009 Order. (Rec. Doc. No. 11.) Petitioner filed his request for an extension on November 2, 2009, which was before Respondent even filed a response on November 4, 2009 (Rec. Doc. No. 13). Lutz explains that he requires additional time to prepare a reply because he is illiterate and relies completely on a jail-house lawyer for all research, preparation, and filings; his access to the prison law library is limited due to overcrowded conditions; and he needs "pre-discovery" to obtain documents to respond to the statute of limitations issue. (Rec. Doc. No. 11.) In light of his *pro se* status, this Court will grant Lutz's motion and afford him sixty (60) days from the date of this Order to file his reply limited solely to the issue of the timeliness of the petition.

## IV. RESPONDENT'S MOTION TO AMEND/CORRECT RESPONSE

On November 5, 2009, Respondent filed a motion requesting leave to file an amended response. Counsel for Respondent explained that, shortly after filing the response (Rec. Doc. No. 13) on November 4, 2009, he realized that he had overlooked a significant aspect of the usefulness which 28 U.S.C. § 2244(d)(1)(D) and (d)(2) might add to this Court's analysis of the issue of statutory tolling of the one-year federal statute of limitations applicable to habeas corpus petitions. (*See* Rec. Doc. No. 15 ¶ 2.) Accordingly, he has submitted a proposed amended response containing the additional material. (*See* Rec. Doc. No. 15-3.) The Court will grant Respondent's motion and accept the proposed amended response.

In reviewing the docket to dispose of the instant motion, the Court noticed that Respondent did not file proof of service on Petitioner of the response (Rec. Doc. No. 13), appendix (Rec. Doc. No. 14), and motion to amend/correct response (Rec. Doc. No. 15). Counsel for Respondent states in the motion to amend/correct that "a copy of [the response], much in the form of a brief, is being served upon Petitioner by certified mail." (Rec. Doc. No. 15 ¶ 1.) While the Court does not doubt the truth of counsel's representation, filing of proof of service is required. *See* Middle District of Pennsylvania Local Rule 4.2 ("LR 4.2"). Accordingly, within five (5) days from the date of this Order, counsel for Respondent shall file proof of service on Petitioner of the response (Rec. Doc. No. 13), appendix (Rec. Doc. No. 14), and motion to

amend/correct response (Rec. Doc. No. 15). Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for "pre-discovery" is **DENIED** (Rec. Doc. No. 12) without prejudice.

2. Petitioner's request for appointment of counsel in his motions for "pre-discovery" (Rec. Doc. No. 12) and for an extension of time (Rec. Doc. No. 11) is **DENIED** without prejudice.

3. Petitioner's motion for an extension of time (Rec. Doc. No. 11) to file his reply is **GRANTED**.

4. Within sixty (60) days from the date of this Order, Petitioner shall file his reply limited solely to the issue of the timeliness of the petition.

5. Respondent's motion to amend/correct response (Rec. Doc. No. 15) is **GRANTED**.

6. The proposed amended response (Rec. Doc. No. 15-3) submitted by Respondent is accepted and shall replace the previously submitted response filed at Rec. Doc. No. 13.

7. Within five (5) days from the date of this Order, counsel for Respondent shall file proof of service on Petitioner of the response (Rec. Doc. No. 13), appendix (Rec. Doc. No. 14), and motion to amend/correct response (Rec. Doc. No. 15).

   s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge